IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| OMEGA PATENTS, LLC, | Case No. _____ |
| Plaintiff, | INJUNCTIVE RELIEF REQUESTED |
| vs. | JURY TRIAL REQUESTED |
| AUTOMOTIVE DATA SOLUTIONS, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Omega Patents, LLC, through its undersigned counsel, hereby files its Complaint against Defendant Automotive Data Solutions, Inc., and alleges:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Omega Patents, LLC ("Omega") is a Georgia limited liability company.

2. Defendant Automotive Data Solutions, Inc., ("ADS") is, upon information and belief, an alien business corporation formed under Canadian laws, which sells and offers for sale products in the United States, including within the Middle District of Florida.

3. Omega and ADS entered into a Patent License and Settlement Agreement ("License Agreement") on or about January 10, 2007, in the Middle District of Florida. A copy of the License Agreement is attached as Exhibit A.

4. The term of the License Agreement has been extended by the parties and remains in force and effect. In addition, the parties expanded the list of Licensed Patents.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs and is a dispute between a Georgia limited liability company and a Canadian business entity, creating diversity of citizenship.

6. This Court has *in personam* jurisdiction over ADS because Omega and ADS agreed to resolve any dispute under the License Agreement in this Judicial District, with ADS expressly consenting to jurisdiction and venue in this Court.

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §1391, and by agreement of the parties.

8. ADS agreed to accept service of process of this complaint by mail and waive any jurisdictional or venue challenges.

## STATEMENT OF FACTS

9. Omega is the holder of a substantial number of patents related to automotive technology, Omega's principal has long been recognized as a pioneer in the automotive aftermarket industry with a substantial portfolio of patents. Competitors in the automotive aftermarket have a competitive advantage if they enjoy a license to Omega's patents.

10. ADS entered into the License Agreement and is bound by the terms of the License Agreement. Since entering into the License Agreement, ADS has enjoyed the benefit of the Omega portfolio of patents. ADS promotes the fact it is licensed under Omega's United States and Canadian patents. By way of example, ADS represents to the consuming public:

> This product is protected by one or more of the following patents: U.S. LETTERS PATENT NO. 5,719,551; 6,011,460; 6,243,004; 6,249,216; 6,275,147; 6,297,731; 6,346,876; 6,392,534; 6,529,124; 6,696,927; 6,756,885; 6,756,886; 6,771,167; 6,812,829; 6,924,750; 7,010,402; 7,031,826; 7,046,126; 7,061,137; 7,068,153; 7,015,830; 7,205,679; 7,224,083; 7,369,936; 7,378,945; 7,489,233; 7,501,937; CANADIAN PATENT NO. 2,320,248; 2,415,023; 2,426,670; 2,414,991; 2,415,011; 2,415,027; 2,415,038; 2,415,041; 2,502,893; 2,451,490; 2,452,296; 2,451,487; EUROPEAN PATENT NO. 1,053,128; DE 69807-941T2; U.S. 20020145535; 20060129282; 20060129284; 20040017284; 20080030316; 20090079552; EP1500565; 1538038; 1538037;

11. ADS currently sells, offers for sale, and makes automotive aftermarket products in the United States and Canada which incorporate Omega's patented technology. ADS also sells within the United States and Canada components that are intended to be used to practice Omega's patented technology.

12. Omega's patent portfolio includes both United States and Canadian patents. The License Agreement provides all ADS products, whether sold in the United State or Canada, would be subject to a single royalty payment, to be paid to Omega in the United States.

13. The License Agreement was made on or about January 31, 2007 and was to expire on December 31, 2011. As confirmed by ADS' product materials, royalty reports and payments, the parties extended the term of the License Agreement beyond the expiration date.

14. The License Agreement identifies the Omega Patents that were licensed. After the execution of the License Agreement, Omega continued to innovate and secure additional patents. The parties agreed Omega's subsequently issued patents would be added to the list of licensed patents ("Licensed Patents") and ADS would pay royalties for all products licensed under any Licensed Patent.

15. Under the terms of the License Agreement, ADS is required to pay royalties and provide a written royalty statement indicating, among other items, the reportable sales for each Licensed Product.

16. ADS has breached the License Agreement by failing to timely pay royalty payments and provide written royalty statements required under the License Agreement.

17. Under the terms of the License Agreement, ADS is required to permit Omega to inspect the books, records, and other documents related to the royalty obligations.

18. ADS has breached the License Agreement by failing to provide access to and inspection of ADS' sales, product specifications and other records material to the subject matter of the License Agreement.

19. Under the terms of the License Agreement, ADS is required to account for and pay royalties on each sale of a licensed product.

20. Upon information and belief, ADS has breached the License Agreement by providing licensed goods to third parties but failed to pay the royalties due Omega under the License Agreement.

21. Omega notified ADS of its various breaches of the License Agreement. ADS acknowledged that it continues to sell products that fall within at least one claim of the Licensed Patents but refuses to comply with its obligations under the License Agreement.

22. ADS has at times asserted the License Agreement is somehow terminated. The License Agreement provides that upon termination, ADS shall immediately cease all further use of the Licensed Patents.

23. If the License Agreement is terminated, ADS has breached the License Agreement by failing to immediately cease all further use of Omega's technology reflected in its patent portfolio. ADS has acknowledged it continues to practice the inventions found in at least one Omega patent.

24. Omega has been forced to retain the undersigned counsel to enforce the terms of the License Agreement and is entitled to recovery of all fees and costs

## COUNT I
### Action for Breach of License Agreement

25. Count I is an action by Omega against ADS for breach of the License Agreement.

26. Omega herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 24, above.

27. Omega and ADS are parties to a valid and subsisting contract, enforceable under the laws of the State of Florida.

28. ADS has materially breached the License Agreement.

29. ADS' breaches are the proximate cause of substantial monetary damages to Omega in a sum in excess of the minimal jurisdictional requirements of this Court.

Wherefore, Plaintiff Omega prays this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Omega with the following requested relief:

    a. A Judgment in favor of Omega for monetary damages against ADS;

    b. An award against ADS for Omega's attorneys' fees; and

    c. Such other and further relief as this Court deems just and proper.

## COUNT II
### Action for Specific Performance

30. Count II is an action by Omega against ADS for specific performance of the License Agreement.

31. Omega herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 24, above.

32. Omega has fully performed its obligations under the terms of the License Agreement.

33. Omega is entitled to enforce the terms of the License Agreement.

34. ADS has failed to comply with the terms of the License Agreement by failing to provide Omega with an accounting of licensed products.

35. If ADS contends the License Agreement is somehow terminated, which it is not, ADS has failed to comply with the terms of the License Agreement by continuing to use the technology found in the Licensed Patents.

36. Omega is entitled to an Order requiring ADS to comply with the terms of the License Agreement and permit a records inspection and audit.

37. If ADS contends the License Agreement is somehow terminated, which it is not, ADS has failed to comply with the terms of the License Agreement by ceasing to use any technology found in the Omega patent portfolio.

Wherefore, Plaintiff Omega prays this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Omega with the following requested relief:

a. An Order of this Court requiring ADS to comply with the terms of the License Agreement;

b. An award against ADS for attorneys' fees; and

c. Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Omega requests a trial by jury as to all matters so triable.

Respectfully submitted September 10, 2020.

*/s/ Brian R. Gilchrist*
Brian R. Gilchrist
Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri
Florida Bar No. 0015698
rsanturri@addmg.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida  32802-3791
Telephone:     407/841-2330
Facsimile:     407/841-2343
Counsel for Plaintiff